# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Martin Skropeta,

    Petitioner

v.

Calvin Johnson,

    Respondent

Case No.: 2:21-cv-00171-JAD-BNW

**Order Directing Petitioner to File an Amended Petition and Denying Motion for Appointment of Counsel**

[ECF No. 1-1, 1-2]

Martin Skropeta brings this habeas corpus petition under 28 U.S.C. § 2254 to challenge his state-court convictions for second-degree murder and robbery. Having reviewed his petition for sufficiency under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, I find that the petition contains multiple defects. Skropeta will need to file an amended petition to correct those defects. Skropeta also has moved for appointment of counsel, and I deny that motion.

## Discussion

**A.    The petition is on the wrong form**

Skropeta used Form AO 242, petition for a writ of habeas corpus under 28 U.S.C. § 2241. He scratched out "2241" and replaced it with "2254." Skropeta needs to file his amended petition on the court's § 2254 petition form.[1]

**B.    Skropeta's grounds are too vague**

All of Skropeta's grounds are claims of ineffective assistance of counsel, either at trial or on appeal. Skropeta thus needs to allege facts that can demonstrate (1) that the defense

---

[1] LSR 3-1.

attorney's representation "fell below an objective standard of reasonableness,"[2] and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[3] Skropeta failed to allege these facts in any of his grounds.

In ground 1, Skropeta alleges that counsel failed to investigate a Facebook page of the victim that showed the victim's violent and nasty nature. Because Skropeta did not allege any specifics about the victim's "violent and nasty nature," I cannot determine whether counsel was deficient in not investigating it. Skropeta also has not demonstrated why, assuming that he can allege the specifics, the victim's "violent and nasty nature" would have created a reasonable probability of a different result at trial.

In ground 2, Skropeta alleges that counsel failed to investigate the victim. Assuming that he meant something other than the Facebook page mentioned in ground 1, he still has not alleged any facts in support of this claim. Skropeta also alleged that counsel failed to investigate witnesses whom he told counsel to investigate. Skropeta has not named these witnesses, let alone what evidence they could have provided.

In ground 3, Skropeta alleges that trial counsel failed to request a jury instruction on the voluntariness of his confession and did not raise the issue on direct appeal. In a criminal trial, a judge does not instruct the jury to consider whether a confession is voluntary. The judge determines whether a confession is admissible before the prosecution may submit the confession to the jury.[4] Consequently, I construe this as a claim that trial counsel failed to litigate the

---

[2] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).
[3] *Id*. at 694
[4] *Jackson v. Denno*, 378 U.S. 368 (1964).

2

voluntariness of Skropeta's confession and as a claim that appellate counsel failed to raise the same issue on direct appeal. So construed, Skropeta has not alleged any specific facts that show why his confession was involuntary.

In ground 4, Skropeta claims that appellate counsel provided ineffective assistance because appellate counsel failed to argue that the prosecution's amended information was improper. Skropeta does not allege how the amended information was improper. He simply stated that the claim has merit, without any explanation.

Skropeta will need to file an amended petition to correct these defects. For each claim, he will need to allege the supporting facts. Those facts will need to demonstrate that his attorney or attorneys performed deficiently and that there was a reasonable likelihood of a better result at trial. If he does not file an amended petition, then I will dismiss this action without further prior notice.

**C.    Denial of the motion for appointment of counsel**

Skropeta also moves for court-appointed counsel. "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."[5] Skropeta is able to articulate his claims at least enough for me to determine whether there is any likelihood of success on the merits, but he has not. Right now, Skropeta has no likelihood of success on the merits because all of his grounds are too vague to have any merit. So I deny the motion for appointment of counsel, but I leave open the possibility that Skropeta can ask for appointment of counsel again after he has filed an amended petition.

---

[5] *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

**Conclusion**

IT THEREFORE IS ORDERED that the Clerk of the Court file the petition for a writ of habeas corpus and the motion for appointment of counsel.

IT FURTHER IS ORDERED that **the motion for appointment of counsel [ECF No. 1-2] is DENIED.**

IT FURTHER IS ORDERED that the Clerk of the Court is directed to SEND petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner will have 30 days from the date that this order is entered to file an amended petition to correct the noted deficiencies. Neither this deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting claims. **Failure to comply with this order will result in the dismissal of this action.**

IT FURTHER IS ORDERED that petitioner must clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and he must place the case number, 2:21-cv-00171-JAD-BNW, above the word "AMENDED."

IT FURTHER IS ORDERED that the Clerk of Court is directed to ADD Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

IT FURTHER IS ORDERED that respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from respondents until further order of the court.

IT FURTHER IS ORDERED that the clerk provide copies of this order and all prior filings to the Attorney General in a manner consistent with the clerk's current practice, such as regeneration of notices of electronic filing.

Dated: May 4, 2021

_____
U.S. District Judge